UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Larry Dean Thompson, ) | |
| ) | |
| Petitioner, ) | Cr. No.: 7:02-cr-00248-GRA-22 |
| ) | (C/A No.: 7:14-cv-02881-GRA) |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before this Court on Petitioner Larry Dean Thompson's ("Petitioner's") Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 1157. For the reasons set forth below, Petitioner's § 2255 Motion is DISMISSED.

## Background

On August 22, 2002, pursuant to an agreement with the Government, Petitioner pled guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 21, 373, 446. On December 18, 2002, this Court sentenced Petitioner to 188 months imprisonment. ECF No. 630. Petitioner's pre-sentence report ("PSR") indicated that he was a career offender within section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") based upon his two previous South Carolina convictions for assault and battery of a high and aggravated nature ("ABHAN"), and his previous South Carolina conviction

for conspiracy to distribute crack cocaine.[1]  PSR ¶ 112, ECF No. 1159; *see also United States v. Thompson*, 69 F. App'x 655, 655 (4th Cir. 2003).  The addendum to the PSR noted no objections from either the Government or Petitioner's counsel. PSR add., ECF No. 1159; *see also* ECF No. 630 (indicating that no objections to the PSR were raised at sentencing).  On January 3, 2003, Petitioner appealed his sentence and conviction, ECF No. 649, and the United States Court of Appeals for the Fourth Circuit affirmed on August 1, 2003.  *Thompson*, 69 F. App'x. at 655; ECF Nos. 749 & 752.

On August 9, 2004, Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel, coercion, and new legal precedent affecting the Sentencing Guidelines and his status as a career offender. *Thompson v. United States*, No. 7:04-cv-21831-GRA (D.S.C.) at ECF No. 1.[2]  The Government responded in opposition and moved for summary judgment.  *Id.* at ECF Nos. 3 & 4.  This Court denied Petitioner's motion and granted summary judgment in favor of the Government on December 28, 2004. *Id.* at ECF Nos. 6 &7.  On January 10, 2006, Petitioner made an untimely motion for a

---

[1] U.S.S.G. § 4B1.1(a), which has remained unaltered since the 2002 version of the United States Sentencing Guidelines Manual that was used in Petitioner's original PSR, outlines the criteria for the career offender enhancement:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[2] The undersigned takes judicial notice of Petitioner's previous, related federal court proceedings in this district.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

certificate of appealability, *Id.* at ECF No. 9, which this Court denied on January 18, 2006. *Id.* at ECF No. 11.

Petitioner has now filed another motion pursuant to 28 U.S.C. § 2255. ECF No. 1157. In the current motion, Petitioner contends that pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), his "prior South Carolina state ABHAN convictions deemed as crimes of violence, and used to enhance Petitioner's federal sentence are now improper and inapplicable to this case." *Id.* at 2–4.

## Standard of Review

Petitioner brings this § 2255 Motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). However, 28 U.S.C. § 2255(h) states that a "second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence .

. . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals"); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")). Likewise, a "new judgment intervening between the two habeas petitions" would prevent a numerically second habeas petition from being classified as "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see United States v. Hairston*, No. 12-8096, 2014 WL 2600057 (4th Cir. June 11, 2014) (stating that Hairston's numerically

second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h) when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated").

## Discussion

Here, Petitioner previously filed a § 2255 motion that was adjudicated on the merits.  *Thompson v. United States*, No. 7:04-cv-21831-GRA (D.S.C.) at ECF Nos. 1 & 7.  Petitioner has not obtained an order from the Fourth Circuit granting him permission to file a successive motion in this Court.  Therefore, this Court does not have jurisdiction to consider Petitioner's § 2255 motion.[3]  Furthermore, Petitioner has not pointed to any intervening judgment that would prevent his current motion from being classified as "second or successive."[4]

## Conclusion

---

[3] This Court recognizes that were Petitioner sentenced today, he would not qualify as a career offender under the United States Sentencing Guidelines.  However, this Court lacks jurisdiction to consider Petitioner's claims.  Moreover, the Supreme Court has not indicated that *Descamps* applies retroactively to cases on collateral appeal, nor has the Fourth Circuit discussed the retroactivity of *Hemingway*.  *See Randolph v. United States*, Civil No. CCB-13-1227, Criminal No. CCB-09-0244, 2013 WL 5960881, at * 1 (D. Md. Nov. 6, 2013) (unpublished); *United States v. Brown*, Cr. No. 8:06-246-HMH, 2014, ECF No. 98 at 4 n.1 (D.S.C. Mar. 24, 2014); *see also* 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").  Thus, if Petitioner wishes to proceed with his claims, he must petition the Fourth Circuit to determine whether *Descamps* and *Hemingway* retroactively apply to his case such that this Court has the authority to consider a successive § 2255 motion.

[4] "The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense."  *Joy v. United States*, No. 4:06-cr-01317-TLW-6, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014) (citations omitted) (concluding that "*Hairston* does not provide Petitioner with relief" as Petitioner's case "does not involve a vacated conviction); *see Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A):  Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)).

This Court lacks jurisdiction to consider Petitioner's successive § 2255 Motion without certification from the Fourth Circuit. As Petitioner has not obtained this authorization, this petition is subject to dismissal. Petitioner is advised that the Fourth Circuit is the appropriate court to seek pre-filing authorization so that this Court may consider any subsequent § 2255 motion. Therefore, this Court shall dismiss the motion without a hearing.

**IT IS THEREFORE ORDERED** that Petitioner's § 2255 Motion is DISMISSED as an uncertified, successive petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  30 , 2014
Anderson, South Carolina